Case 46.—ACTION BY H. Y. WALKER AGAINST HENRY DERSCH AND OTHERS TO RECOVER RENT.—November 2.

## Dersch, &c. v. Walker.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for plaintiffs. Defendants appeal. Affirmed.

1. Bankruptcy—Discharge — Effect on Sureties—Under bankruptcy act, July 1, 1898, chap. 541, sec. 16, 30 Stat., 550 (U. S. Comp. St. 1901, p. 3428), providing that the liability of a co-debtor with or a guarantor or surety for a bankrupt shall not be altered by discharge of the bankrupt, the bankruptcy of a lessee during the year for which property was leased to him does not release from liability for the rent for the remainder of the year persons who, in consideration of the lease to him, contracted to pay the rent for such year.

2. Judgments — Clerical misprision — Correction — Where, after entry of judgment for the amount admitted by the answer to be due, plaintiff, after trial resulting in his favor, has another judgment for the entire claim, there is simply a clerical misprision, which may be corrected on motion.

I. N. HUTCHINS, ROBERT SIMMONS and J. M. DIAL for appellants.

1. The fact that security was given in this case, or that it may be given in other cases, is not a controlling consideration in determining the rights of the parties. It is a mere incident, having no bearing on the question involved. The court must construe the effect of the bankruptcy act on contracts of this sort just as if there were no question of surety here.

2. There can be no judgment against appellee Rivard in this case for the rent to become due, even if it is a legal obligation for which he is responsible. His bankruptcy is a bar to any further proceedings against him. By the act of bankruptcy the

Dersch, &c. v. Walker.

relationship was dissolved, and the contract of the surety being to carry out the contract of the principal, and his contract being at an end, they are released from any further obligation under said contract.

## AUTHORITIES CITED.

Payne, &c. v. Able, &c., 7 Bush, 344; Re Jefferson, 93 Fed. Rep., 948; Bray, &c. v. Cobb., &c., 100 Fed. Rep., 270; Re Hays, Foster & Ward Co., 117 Fed. Rep., 879; Atkins v. Wilcox, 105 Fed. Rep., 598; Lamson, &c. v. Bowland, 114 Fed. Rep., 639; Re Pennewell, 119 Fed. Rep., 143; Bankruptcy Act 1898, sec. 16, 63b.

H. C. THEISSEN and BYRNE & READ for appellee.

1. The only consideration which moved H. Y. Walker, the appellee, to sign the lease was that he was assured of getting at least one year's rent. He contracted for one year's rent, and not for rent during the tenancy, and the sureties agreed to pay at least one year's rent. Granting that the bankrupt is exonerated from further payment of rent, yet this does not exonerate his sureties, for the U. S. bankrupt law is as follows: "Co-debtors of bankrupt—The liability of a person who is a co-debtor, or guarantor or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt."

2. The contract of the tenant and his sureties was for the payment of money, that is, for $60 per month for a whole year. If the contention of the appellant be correct, then there is no further use for a suretyship. What does their contract mean? When they sign the bond they say in effect that if our principal shall become financially unable to perform his part of the contract we will do it for him.

3. But here we are presented with a construction of the bankrupt law to the effect that if the principal is adjudged by a bankrupt court to be financially unable to perform his contract, the contractual relationship between him and those with whom he contracted comes to an end, and, therefore, the liability of the sureties end. The best argument against such a contention is the absurdity it leads to.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Adolph Rivard leased of H. Y. Walker a house in Covington, and to secure the payment of the rent Katherine Bauerlin, Louis Fritz and Henry Dersch signed and delivered to Walker a writing by which they agreed to pay the rent. The lease, so far as material, is as follows: "This agreement of lease, en-

·tered into this 9th day of January, 1902, between H. Y. Walker, as lessor, and Adolph Rivard, as lessee, witnesseth: That the said Walker, in consideration of the rents and covenants to be paid and to be performed on the part of said Rivard, and in further consideration of the execution of the bond hereto attached, securing the payment of said rent and the performance of said covenants, has leased to the said Adolph Rivard for the term of one year, to begin January 1, 1902, with the privilege to said Rivard of two additional years, the three-story building or tenement known as No. 824 Madison avenue, in the city of Covington, Kentucky. The lessor agrees to pay as rent for the whole term of said lease at the rate of sixty and 00-100 ($60.00) dollars per month, payable without demand therefor at the Farmers' & Traders' Bank of Covington, Kentucky, on the last day of each and every month.''

The obligation signed by Bauerlin, Fritz and Dersch is as follows: ''In consideration of the execution of the hereto attached lease from H. Y. Walker to Adolph Rivard of the premises of No. 824 Madison avenue, Covington, Kentucky, for the term of one year with the privilege of two additional years, we, the undersigned, Louis Fritz, Henry Dersch and Katherine Bauerlin hereby promise and agree to pay the rent reserved in said lease as therein specified, and we agree to pay the same, not only for the first year of said tenancy, but also for the entire additional term of two years, should the said Rivard elect to extend the lease for said additional term. It is further expressly understood and agreed that the said ·Walker shall not be required to institute any legal proceedings against the said Rivard for any rent; it being understood that we are liable directly for the payment of said rent.''

Rivard took possession of the premises and held them until June 13, 1902, when he filed his voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Kentucky, and he was subsequently discharged in bankruptcy. The year's rent amounted to $720. Walker was paid only $412. On February 3, 1903, he brought this suit against Dersch, Fritz and Bauerlin to recover the balance of the rent, $308, with interest. They defended on the ground that by the bankruptcy of Rivard the tenancy was terminated, and that after the tenancy was terminated they were no longer liable on their obligation for the payment of the rent.

Rivard did not exercise his option to keep the property for two additional years, and therefore the only question is as to the liability of the defendants for the lease for the first year. The written contract of lease is absolute as to the first year, and the obligation which the defendants signed binds them absolutely for the payment of the rent for this period. The bankrupty of Rivard released him from personal obligation for the rent, but it did not release the defendants. . They were bound for the rent for one year if Rivard had never entered the premises at all, for Rivard could not release them from their contract by his voluntary act against Walker's consent. They had made a contract with Walker, and Walker had a right to stand upon it. If Rivard had died, they would have been none the less responsible for the rent for one year. No greater effect can be given his bankrupt proceedings.

Section 16 of the bankrupt act (Act July 1, 1898, chap. 541, 30 Stat., 550, U. S. Comp. St. 1901, p. 3428), provides: "The liability of a person who is a co-debtor with, or a guarantor, or in any manner a

surety for a bankrupt, shall not be altered by the discharge of such bankrupt."

It is immaterial whether the rent accrued before or after Rivard's act of bankruptcy. The defendants were liable for the entire year's rent due or to become due under the contract.

The case of Payne v. Able, 7 Bush, 344, 3 Am. Rep., 316, has no application. Under the bond sued on in that case the obligation of the surety was to pay any judgment that might be rendered against the principal, and as no judgment could be rendered against the principal after his bankruptcy the sureties were held not liable. But here the obligation of the sureties is to pay the rent. Their contract was broken when they did not pay the rent. The petition sets out the contracts fully and is sufficient. The two papers, which refer one to the other, are to be read together, and show a sufficient consideration for the defendant's undertaking.

There was a judgment on December 30, 1903, against Dersch and Fritz, for $88, the amount acknowledged by them to be due the plaintiff in their answer. Afterwards, on December 28, 1904, when the case was tried by the jury, the court at the conclusion of the evidence instructed the jury to find for the plaintiff, and the jury having done so, a judgment was entered against all three of the defendants for $308, with interest from January 29, 1903, and his costs. In giving this judgment it is manifest that the court overlooked the judgment which had been entered against Dersch and Fritz for the uncontroverted part of the claim. As the record stands there is judgment against them for the whole claim, and in addition to this a judgment for the uncontroverted part of the claim. But it is manifest that in entering the final judgment the previous judgment for the un-

controverted part of the claim was simply overlooked. This is a clerical misprision, which is shown by the record and may be corrected in the circuit court on motion.

Judgment affirmed.