## In re TIDUS.

(District Court, D. Delaware. March 30, 1925.)

No. 532.

1. **Bankruptcy ⊚⟶139(½)—Leasehold estate is property passing to trustee of lessee.**

A leasehold estate is property, which passes to the trustee in bankruptcy of the lessee, under Bankruptcy, Act, § 70a (5), being Comp. St. § 9654, though the lease contains covenants against its transfer or subletting without consent of the lessor.

2. **Bankruptcy ⊚⟶255—Acceptance of lease by trustee of lessee merely vests him with the existing leasehold estate.**

Acceptance of a lease by the trustee in bankruptcy of lessee does not operate as a surrender of the lease, nor change its terms, but merely vests the trustee with the existing leasehold estate.

3. **Landlord and tenant ⊚⟶208(1)—Assignment does not release lessee from covenant to pay rent.**

Under an express covenant by a lessee to pay rent, he remains liable, even after assignment of the lease.

4. **Bankruptcy ⊚⟶430—Guaranty of payment of rent under a lease not affected by discharge of lessee in bankruptcy.**

Under Bankruptcy Act, § 16 (Comp. St. § 9600), providing that the liability of a person who is a codebtor with or guarantor for a bankrupt shall not be altered by the discharge of such bankrupt, a guaranty of the payment of rent under a lease is not affected by the discharge of the lessee in bankruptcy.

In Bankruptcy. In the matter of Max Tidus, bankrupt. On review of order of referee. Affirmed.

James H. Hughes, Jr. (of Marvel, Marvel, Layton & Hughes), of Wilmington, Del., for Trustee.

Clarence A. Southerland, of Wilmington, Del., for petitioners for review.

MORRIS, District Judge. The order of the referee in bankruptcy, confirming the sale by the trustee of a leasehold estate of Max Tidus, the bankrupt, is here upon a petition for review filed by the landlord. The error assigned is that by the sale the obligation of the contract of guaranty, indorsed upon the lease, is impaired and terminated, and that, consequently, the trustee in bankruptcy had no power to accept and sell the leasehold estate, at least without requiring of the purchaser, for the benefit of the landlord, satisfactory security for the performance of the covenants of the lease during the remainder of the unexpired term.

The term of the lease began March 25, 1924, and ends March 25, 1929. The property involved is 411 King street, in the city of Wilmington, in this district. The annual rental is $1,800. The contract of guaranty reads thus:

"We, Gabriel Wapner and Rose Tidus, do hereby agree to be responsible to the trustees of the estate of Caleb P. Johnson, or their assigns, for the true and faithful performance of the above named contract on the part of Max Tidus."

After entering into possession, Tidus, the lessee, was adjudicated a bankrupt. The trustee accepted the lease as an asset of the bankrupt's estate and sold it for $1,270. The landlord's objections to the validity of the sale were overruled by the referee and the challenged order entered.

[1] Was the obligation of the contract of guaranty terminated or impaired by the acts of the trustee? By section 70a (5) of the Bankruptcy Act (Comp. St. § 9654), the trustee of an estate of a bankrupt is, subject to certain exemptions, vested by operation of law with the title of the bankrupt to all "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." Leasehold estates constitute property of that class. Sipple v. Scotten, 1 Har. (Del.) 107. This is true, although the lease contains, as does the lease to Tidus, a covenant against subletting or otherwise disposing of the demised premises without the written consent of the landlord. Powell v. Nichols, 26 Okl. 734, 110 P. 762, 29 L. R. A. (N. S.) 886; Smith v. Putnam, 3 Pick. (Mass.) 221; Riggs v. Pursell, 66 N. Y. 193. But it is always within the power of the trustee to refuse to accept assets that are of an unprofitable or burdensome character. Jacksboro First Nat. Bank v. Lasater, 196 U. S. 115, 25 S. Ct. 206, 49 L.

Ed. 408; Watson v. Merrill, 136 F. 359, 69 C. C. A. 185, 69 L. R. A. 719; In re Mullings Clothing Co., 238 F. 58, 151 C. C. A. 134, L. R. A. 1918A, 539. It has been held that, if the trustee does not accept a leasehold estate of the bankrupt, the relation between the bankrupt and his landlord is not disturbed, and the obligation to pay the rent in the future is not discharged. Rosenblum v. Uber, 256 F. 584, 589, 167 C. C. A. 614 (C. C. A. 3); In re Sherwoods, 210 F. 754, 127 C. C. A. 304, Ann. Cas. 1916A, 940 (C. C. A. 2); In re Roth & Appel, 181 F. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270 (C. C. A. 2).

[2] It would seem that, under such circumstances, there could be no possible ground upon which to base an assertion that a contract of guaranty for the performance of the covenants of the lease here involved had been impaired. That, however, is not the question here presented, for the trustee did not reject the leasehold estate of Tidus. On the contrary, he accepted it. But the act of acceptance did not operate as a surrender of the lease, or otherwise put an end to the term thereof. See Rosenblum v. Uber, 256 F. 584, 167 C. C. A. 614. Nor did it create a new estate, or term of years. The trustee merely became vested by operation of law with an already existing estate. See Dunlap v. Bullard, 131 Mass. 161. The legal effect of such a transfer seems not different from that of an assignment. Rosenblum v. Uber, 256 F. 584, 589, 167 C. C. A. 614 (C. C. A. 3); In re Scruggs (D. C.) 205 F. 673. While an assignment of the term with the consent, express or implied, of the landlord operates to discharge the lessee from all obligations arising from privity of estate, yet it does not disturb those arising from privity of contract. 16 R. C. L. 843 et seq.

[3] The lease to Tidus contains an express covenant by him to pay the rent. Upon such a covenant the lessee remains liable for the rent, even after assignment of the lease, although there may also be a good remedy against the assignee. Scott v. Lunt, 7 Pet. *596, *604, 8 L. Ed. 797; 16 R. C. L. 845; 36 C. J. 371. The landlord may, at his option, enforce payment from either or both, but, of course, he may have no more than one satisfaction. See 17 R. C. L. p. 847. The rule is the same, whether the assignment is effected by act of the lessee or by judicial sale. Holliday v. Aehle, 99 Mo. 273, 12 S. W. 797; Kerper v. Booth, 10 Wkly. Notes Cas. (Pa.) 79. It is obvious, therefore, that Tidus is still bound by his covenant to pay rent, unless he stands re-

leased therefrom by the bankruptcy act. He has not yet received his discharge in bankruptcy.

[4] But, passing that and taking a broader and more comprehensive view, it becomes patent that it is unnecessary here to consider what effect the Bankruptcy Act and the acts of the trustee have upon the liability of Tidus under his express covenant to pay rent. For if, notwithstanding the statute, the acts of the trustee and the acts of the bankrupt, the latter's covenant to pay rent remains, and will continue to remain in force obviously the contract of guaranty remains and will continue to remain binding. If, on the other hand, some provision of the Bankruptcy Act has discharged or will discharge Tidus from the obligation of his covenant to pay rent, section 16 of the Bankruptcy Act (Comp. St. § 9600) becomes controlling with respect to the contract of guaranty. That section provides: "The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." See Witthaus v. Zimmermann, 91 App. Div. 202, 86 N. Y. S. 315; Dersch v. Walker, 121 Ky. 374, 89 S. W. 233. It follows, I think, that the contract of guaranty or suretyship remains unimpaired, that it will not be affected by the discharge of Tidus in bankruptcy, and that the contrary contention, and conclusion based thereon, of the landlord cannot be sustained.

There are some other assignments of error. Even if it be assumed that the landlord is not without right to raise the questions thereby presented, about which there may possibly be some doubt, I think they call for no special consideration.

The order of the referee must be affirmed.