BUCKEYE COMMERCIAL SAVINGS BANK *v.* PROTOGERE.

1. BILLS AND NOTES—NOTE EXECUTED IN OHIO GOVERNED BY LAW OF THAT STATE.
   Promissory note executed in Ohio is Ohio contract, and liability on it is governed by law of that State.

2. SAME—PRINCIPAL AND SURETY—NEGOTIABLE INSTRUMENTS LAW—DISCHARGE OF SURETY.
   Under Ohio negotiable instruments law, surety on note is primarily liable, and is not discharged by extension granted without his consent, parol release, failure to make demand for

------------

As to when will discharge of principal in bankruptcy release a surety on a bond given by the principal in an action at law, see annotation in 14 L. R. A. (N. S.) 507; 28 L. R. A. (N. S.) 234.

payment within reasonable time and to notify of nonpayment, or filing note as claim against principal in bankruptcy.

3. SAME—BANKRUPTCY—DISCHARGE OF SURETY.

   Surety is not relieved by discharge of principal in bankruptcy (Bankruptcy Act, § 16 [11 USCA § 34]).

4. APPEAL AND ERROR—ABANDONMENT OF PLEA.

   Where amended plea and notice setting up estoppel was not again referred to after trial court held that it raised no new issues, Supreme Court must assume that it presented no question for jury.

Error to Dickinson; Bell (Frank A.), J. Submitted April 10, 1930. (Docket No. 63, Calendar No. 34,712.) Decided June 2, 1930.

Assumpsit by the Buckeye Commercial Savings Bank, a foreign corporation, against Apostle Protogere on a promissory note. From a judgment for defendant, plaintiff brings error. Reversed and remanded, with direction to enter judgment for plaintiff.

*Glenn W. Jackson,* for plaintiff.

*Symonds & Rahm,* for defendant.

FEAD, J. On February 18, 1923, defendant and his partner, Gust Rouppas, then doing business at Findlay, Ohio, executed a joint and several promissory note for $1,500 to plaintiff, payable on demand at plaintiff bank in Findlay. It was in renewal of a previous similar note given for part purchase price of fixtures bought by the partnership from plaintiff's predecessor. In March, 1923, the partnership was dissolved, Rouppas taking over the property, agreeing to pay the debts, and giving defendant notes for $900, which the latter left at plaintiff bank and which were afterward collected by it

and the proceeds remitted to him. Defendant testified that he took a copy of the bill of sale to plaintiff bank, notified its cashier of the dissolution of the partnership, suggested that the bank obtain security from Rouppas for the $1,500 and also for his own notes, and was told by the cashier that he need not worry, that the bank would look to Rouppas to pay the note. Plaintiff's officers denied the conversation. At all events, defendant came to Michigan, and thereafter received no communication whatever regarding the note until about August, 1927, when payment was demanded of him. During the intervening years the plaintiff had collected interest from Rouppas on the note from time to time as it became due and had loaned him other money, but the note remained in its original form, no renewals having been substituted for it and no security ever having run with it. In 1927, and before demand for payment had been made on defendant, Rouppas had become a bankrupt, plaintiff had filed the note as a claim against his estate and had received dividends on it. Both parties moved for directed verdict. The motions were reserved under the Empson act (3 Comp. Laws 1915, §§ 14568-14571). Defendant had verdict and judgment. Plaintiff's motions *non obstante* and for a new trial were denied.

Defendant's contention is that, upon dissolution of the partnership, his status on the note changed from that of maker to that of surety, and he was discharged by (a) plaintiff's granting Rouppas extensions of time for payment without defendant's consent, (b) parol release, (c) failure of the bank to make demand for payment within a reasonable time and to notify him of nonpayment, (d) plaintiff's filing the note as a claim against Rouppas in bankruptcy.

The note being an Ohio contract, liability on it is governed by the law of that State. The negotiable instruments law is in force in Ohio, but, for convenience, reference to it will be made by citation from our own statute, 2 Comp. Laws 1915, § 6040 *et seq.*

Assuming, upon the verdict of the jury, that by reason of his conversation with the cashier of plaintiff the status of defendant upon the note became that of surety (*Rawson* v. *Taylor,* 30 Ohio St. 389 [27 Am. Rep. 464]), what was the effect upon his liability?

The construction of the negotiable instruments act, with special reference to the discharge of a surety from liability upon a note, was discussed at length in *Richards* v. *Market Exchange Bank Co.,* 81 Ohio St. 348 (90 N. E. 1000, 26 L. R. A. [N. S.] 99). It was held that other statutes and the common law, inconsistent with the terms of the act, are superseded and abrogated by it with reference to bills and notes; that a surety is "primarily liable" on a note within the meaning of the act (see, also, 8 C. J. p. 447; 3 R. C. L. p. 1229); that a surety may be discharged only in the manner provided in the act; and that he is not discharged by an extension granted without his consent (2 Comp. Laws 1915, § 6160), although he would have been under the common law, and although a person "secondarily liable" would be (2 Comp. Laws 1915, § 6161). Under 2 Comp. Laws 1915, § 6163, renunciation by the holder of his rights against any party must be in writing, unless the instrument be delivered up; and, under 2 Comp. Laws 1915, § 6111, presentment for payment is not necessary to charge a person primarily liable on the note. A surety is not relieved by discharge of the principal in bankruptcy.

32 Cyc. p. 227; section 16, Bankruptcy Act (11 USCA § 34). Defendant's claim of discharge is untenable under the law of Ohio.

After the evidence was in, defendant amended his plea and notice to set up what he called estoppel. The court held that, as pleaded, it raised no new issues not covered by the principal contentions outlined above. It was not afterward referred to during the trial, nor was it discussed by defendant in his brief in this court. We must assume it presented no question for the jury.

The judgment must be reversed, and the cause remanded to the circuit court with directions to enter judgment for plaintiff on the note, with costs.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.