### In re GRAND LEADER, Inc.
### No. 1399.

District Court, S. D. Texas, at Houston.
Dec. 26, 1930.

Campbell, Myer & Foster, of Houston, Tex., for petitioning creditors.

Boyles, Brown & Scott, of Houston, Tex., for bankrupt.

W. P. Hamblen, of Houston, Tex., for Mrs. Ella Koehler.

W. Carter Grinstead, of Houston, Tex., Referee.

H. L. Fortinberry, of Houston, Tex., Trustee.

HUTCHESON, District Judge.

Grand Leader, Inc., having been adjudged bankrupt on December 31, 1929, on a petition filed December 16, 1929, a receiver was on that day appointed to take charge of the premises.

Within a reasonable time thereafter the trustee notified the landlord, claimant herein, that he would not accept the lease, nor be bound by any of its terms or provisions.

Mrs. Koehler having filed her claim not only for the rent accrued to December 31, 1929, but for the rents to accrue from January 1, 1930, to December 31, 1930, the same was by the referee allowed as to the rent accrued, but disallowed as to those to accrue. To review the order of disallowance this petition was filed.

Both trustee and petitioner rely upon the same authorities, Martin v. Orgain (C. C. A.) 174 F. 772; Lontos v. Coppard (C. C. A.) 246 F. 803, while the trustee cites the opinion of the referee in Re Sterne & Levi 26 A. B. R. 435.

All of these cases are concerned with the question of the provability of the landlord's claim, holding in effect that though the rent to accrue in the current year for which a lien is given by the Texas statute (Rev. St. Texas art. 5238) is not a fixed liability and provable generally in bankruptcy, it is yet such an obligation and so secured as that it may be proved against and collected out of the property charged with the lien.

Petitioner claims that since the bankruptcy does not of itself affect the relation between the bankrupt and his landlord, and, if the trustee does not accept the leasehold estate of the bankrupt the obligation to pay the rent in future is not discharged [In re Tidus (D. C.) 4 F.(2d) 558; Rosenblum v. Uber (C. C. A.) 256 F. 584], the relation of tenancy continued into the 1930 contract year and under the Texas statute a lien arose for that current contract year.

Assuming, without deciding, that the act of the landlord in retaking and releasing the premises did not affect the termination of the rental contract (Rosenblum v. Uber [C. C. A.] 256 F. 584), I think it plain that the claim of the landlord for rents to accrue is wholly without basis, and this because of the result, apparently overlooked by petitioner, of the equitable execution of the bankruptcy in sequestrating the goods and property of the bankrupt in 1929 for the benefit of the general creditors, before the 1930 year had commenced.

That bankruptcy does so operate is settled by the authorities. Longstreth v. Pennock, 20 Wall. (87 U. S.) 575, 22 L. Ed. 451; International Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866; Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; Rosenblum v. Uber (C. C. A.) 256 F. 584.

To give effect to the landlord's contention would be to displace the lien of the general creditors already matured in favor of an after accruing lien. Had the trustee accepted the lease, it would have operated as an assignment to him and he would have taken it cum onere; the terms and burdens of the lease including the obligation for the rent. In re Tidus (D. C.) 4 F.(2d) 558; English v. Richardson, 80 N. H. 364, 117 A. 287, 22 A. L. R. 1302.

On the other hand, if he rejects it, as he did here, the estate is relieved of all of the burdens of it except those which have already accrued, in this case, only the rents for 1929.

Finding no error in the action of the referee, the petition to review his order will be denied.