## Feltner v. Hoskins et al.
## (three cases).
(Decided April 25, 1933.)

C. W. HOSKINS for appellants.

J. M. BICKNELL and J. M. MUNCY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Since the same questions are involved in these appeals they have been heard together and will be disposed of in one opinion. W. H. Feltner instituted an action in the Leslie circuit court against W. M. Hoskins, J. C. Hoskins, R. H. Ray, and H. C. Hoskins seeking to recover on a note which they had executed and delivered to him. James Feltner by an action filed in the same court against W. M. Hoskins and H. C. Hoskins is seeking to recover on a note against them; and J. M. Feltner by his action in the same court seeks recovery against W. H. Hoskins, J. M. Hoskins, R. H. Ray, and H. C. Hoskins on a note which they executed and delivered to him.

In each case the defendants filed answer alleging that there was then and had for some time been pending in the United States District Court an action in bankruptcy filed by W. M. Hoskins and that that court had exclusive control in the settlement of all court proceedings against W. M. Hoskins; that the Leslie circuit court did not have jurisdiction to hear or determine the causes or to grant final relief therein and therefore the actions should be dismissed for want of jurisdiction.

Plaintiffs filed motion (1) to require the attorney for the defendants to state which of the defendants had authorized him to make the defense set up in the answers; (2) to require defendants to make more specific their answers, giving the date of the alleged proceeding in bankruptcy, and stating whether plaintiffs were listed as creditors and whether W. M. Hoskins had ever received a discharge in bankruptcy; (3) and to require defendants to verify their answer. The motion was overruled as also was a motion by each of the plaintiffs to take the allegations of the petition as true against defendants other than W. M. Hoskins. Plaintiffs also filed demurrers to the answers of defendants setting out at length the grounds for the demurrers. Defendants also filed as Exhibit X a reply from a clerk of the United States court at Covington to a letter making inquiry whether W. M. Hoskins had received a discharge in bankruptcy, the body of the reply reading:

"According to our records, W. M. Hoskins did not ask for a discharge and none was granted. This

leaves him in the same position as if he had not been adjudged a bankrupt.''

The cause having been submitted on a demurrer to the answers in each case, the demurrers were overruled, the answers and plea of the defendants to the jurisdiction sustained, and each of the petitions was dismissed. These appeals are prosecuted from the several judgments.

The Bankrupt Act of 1898, c. 541, sec. 16, (30 Stat. 550, 11 USCA sec. 34, page 143) provides:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt.''

Under this section we find the general rule to be that the liability of a person who is jointly liable with the bankrupt for a debt is in no way released or impaired by reason of the discharge of the bankrupt. Edwards v. Coleman, 2 A. K. Marsh. (9 Ky.) 249; Dersch et al. v. Walker, 121 Ky. 374, 89 S. W. 233; Wilson v. Cooper, 215 Ky. 668, 287 S. W. 364; Polk v. Stephens, 118 Ark. 436, 176 S. W. 689; Daniel v. Browder-Manget Co., 13 Ga. App. 392, 79 S. E. 237; Elder v. Prussing, 101 Ill. App. 655; Ward v. Johnson, 13 Mass. 148; Hill v. Trainer, 49 Wis. 537, 5 N. W. 926; Leader v. Mattingly, 140 Ala. 444, 37 So. 270; Boyd v. Agricultural Insurance Co., 20 Colo. App. 28, 76 P. 986; State v. Federal Union Surety Co., 156 Mo. App. 603, 137 S. W. 613; Buckeye Commercial Savings Bank v. Protogere, 250 Mich. 652, 231 N. W. 65.

The intention and purpose of the statute is to make a discharge in bankruptcy personal to the bankrupt and not to release any other parties who may in any way be liable with him. Holland v. Cunliff, 96 Mo. App. 67, 69 S. W. 737, and it has also been held that it is immaterial whether or not the creditor proves his claim in the bankruptcy proceeding. Gurley v. Robertson, 178 Ala. 326, 59 So. 643. However, it may be pointed out that in the case of Calloway v. Snapp, 78 Ky. 561, 1 Ky. Law Rep. 229, it was held that a surety on a note was released where the holder by a writing consented that the principal debtor should receive a discharge in bankruptcy, but there is no showing in the record that would bring this case within this seeming exception to the general rule.

In the case of Mattone v. Ill. Surety Co. (Sup.) 123 N. Y. S. 236, it was held that a bankrupt proceeding does not deprive a creditor of any right of action against a third person.

In the light of the quoted provision of the Bankrupt Act and the numerous authorities cited, it is manifest that the court erred in sustaining the plea to the jurisdiction as to the defendants other than W. M. Hoskins.

While it does not appear from the record whether the defendants other than W. M. Hoskins were principals or merely sureties on the note, it is stated in brief by counsel for appellees that it developed in argument on the demurrers that they are only sureties for W. M. Hoskins. However, we regard this as immaterial so far as a decision of these appeals is concerned.

If appellees, other than W. M. Hoskins, are merely sureties on the note, protection and remedy is afforded them by the Bankruptcy Act and General Orders of the Supreme Court (General Orders 21, subd. 4) adopted pursuant to its provisions (11 USCA sec. 53) and by section 57i of the Bankruptcy Act as amended by Act of February 5, 1903, c. 487, sec. 12 (11 USCA sec. 93 [i]). This subdivision reads:

> "Whenever a creditor whose claim against a bankrupt estate is secured by the individual undertaking of any person fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor."

See, also, Maryland Casualty Co. v. Jones, 140 Md. 395, 117 A. 765.

For the reasons indicated the judgment is reversed in all three of the actions, and the causes remanded for proceedings consistent with this opinion.