PEOPLE, *for the use of* WESTOVER-KAMM CO., *v.* VALLEY MANTEL & TILE CO.

1. CONTRACTS — MUNICIPAL CORPORATIONS — PUBLIC BUILDINGS — STATUTORY BONDS—SUBCONTRACTORS.

One who takes a contract under the original contract, and is to perform in accordance with the original contract, is a subcontractor, and, in order to recover under the statutory bond, he must comply with the statute in giving the proper notice. Section 2, Act No. 187, Pub. Acts 1905 (3 Comp. Laws 1915, § 14828).

2. SAME—SUBCONTRACTORS—ORIGINAL CONTRACT THE STANDARD.

That one furnished materials for the erection of a public building in conformity with the original contract would not make him a subcontractor if he was ignorant of the terms of the original contract and did not agree that it should be the standard; one cannot become a subcontractor unless he contracts to become such.

3. SCHOOLS AND SCHOOL DISTRICTS—STATUTORY BONDS—MATERIAL-MEN—SUBCONTRACTORS—NOTICE.

In an action against the sureties on the statutory bond of the contractor on a school house, evidence on the question as to whether plaintiffs were materialmen or subcontractors examined, and *held*, to support the finding of the court below that plaintiffs were materialmen, rendering immaterial the question of the sufficiency of the notice required to be given by subcontractors under section 2, Act No. 187, Pub. Acts 1905 (3 Comp. Laws 1915, § 14828).

4. SAME—BANKRUPTCY—STATUTORY BONDS.

Bankruptcy of the contractor on a school building is no bar to an action by the materialmen against the sureties on the statutory bond on the ground that the amount of the liability cannot be fixed pending settlement of the bankrupt's estate, where there is no question as to the amount due plaintiffs, since by paying the judgment the defendants are legally entitled to be subrogated to plaintiffs' claims against the estate.

Error to Bay; Mayne, J., presiding. Submitted January 30, 1918. (Docket No. 79.) Decided March 27, 1918.

Assumpsit by the people of the State of Michigan, for the use and benefit of the Westover-Kamm Company and others, against the Valley Mantel & Tile Company and others upon a statutory bond. Judgment for plaintiffs. Defendants bring error. Affirmed.

*James Donnelly* and *C. W. Hitchcock,* for appellants.

*Stoddard & McMillan,* for appellees.

KUHN, J.   The Valley Mantel & Tile Company, on the 13th of July, A. D. 1915, executed a contract with school district No. 2 of the township of Portsmouth, in Bay county, this State, for the erection of a school building in that district.   The building was erected in accordance with certain plans and specifications furnished by an architect, and was completed under the supervision of the architect and a certificate of the completion thereof was given.   The plaintiffs furnished certain materials used in the construction of the building.   No notice of any kind was given by any of the plaintiffs to the contractor, the Valley Mantel & Tile Company, or to the school district, until after the completion of the construction of said building and its acceptance by the building committee and the architect. After the contract had been performed, the plaintiffs in this cause started suit for the collection of the several amounts claimed to be due them.   This suit is brought under Act No. 187, Public Acts of 1905 (3 Comp. Laws 1915, § 14827 *et seq.*), upon a bond given pursuant to that statute by the contractor, as principal, and the defendants DeWaele, Marande and Hayward, as sureties.   Upon the trial, after considerable evidence had been introduced with reference to the claims of the various parties, counsel for the parties, plaintiffs and defendants, agreed as to the amounts owing for materials, etc., furnished by the several claimants, and after giving credit for 10 per cent. paid

by the estate of the defendant, Valley Mantel & Tile Company, bankrupt, and charging 5 per cent. interest on the several claims, the amounts due the several claimants were also agreed upon by counsel as follows:

| | |
|---|---:|
| Westover-Kamm Co. | $769.39 |
| Ideal Plumbing Co. | 75.95 |
| Kaustine Co. | 177.81 |
| Jennison Hardware Co. | 397.12 |
| Henry G. Koch | 57.96 |
| Matthew Lamont's Sons Co. | 41.62 |

and judgment was entered accordingly.

It was insisted on behalf of plaintiffs that all of the claimants were materialmen and not subcontractors, and it was agreed by the court and counsel that there were no questions of fact involved, the counsel for the defendants stating that,—

"The question of the service of notice I agree is a question of law, and the question of whether the claim of the plaintiffs in the case are materialmen or subcontractors, I think, also is a question of law."

The case was decided by the court as upon a directed verdict, the court finding against the contentions of counsel for defendants upon the question of whether or not the claimants were subcontractors or materialmen. It was conceded by counsel for defendants that Matthew Lamont's Sons Company was a "materialman." We will have no difficulty in affirming this judgment, if the conclusion of the circuit judge was correct that the other claimants were materialmen rather than subcontractors.

The question here involved had the careful consideration of this court in the opinion written by Mr. Justice CARPENTER in the case of *People, for use of Davis*, v. *Campfield*, 150 Mich. 675. The definition of a subcontractor by this court in the case of *Avery* v. *Board of Sup'rs of Ionia Co.*, 71 Mich. 538, was adopted, where it was said:

"The subcontractor is an under contractor,—one who takes under the original contract, and *is to perform in accordance with the original contract.*"

It is there said that the test is, Has the person furnishing the material agreed that the original contract shall be the standard by which the performance of his contract shall be judged? If he has, he is a subcontractor and cannot recover on the statutory bond without the proper notice. It is also further said:

"Under this definition, and according to this test, a manufacturer who agrees to furnish the doors and sashes for a building in accordance with the terms of the original contract, is a subcontractor, while if he merely agrees to furnish them in accordance with certain measurements, he is a materialman."

It is also further stated that if he furnished the materials in ignorance of the terms of the original contract, while in fact they conform to the terms of that contract and result in a fulfilment of the original contract, the person furnishing the material would still be a materialman, "because he has not agreed that the original contract shall be the standard. * * * He cannot become a subcontractor unless he contracted to become such."

Applying these tests to the situation before us, we think it conclusively appears that none of these claimants contracted to become a subcontractor. The original contract provided, among other provisions:

"The contractor shall make no subcontract except with parties satisfactory to the architect."

The architect who prepared the plans and specifications and who supervised the construction of the building, and who certifies to the completion thereof, testified that there were no subcontractors. There is no testimony to warrant the claim that any of these claimants contracted to become a subcontractor, or that they agreed to take under the original contract

and to perform in accordance with the original contract. It is true that some of them, at the time they made their bids in a lump sum for the various materials which constituted their claims, had before them specifications and plans, but we do not think that this was sufficient to make them subcontractors, because it does not appear that they did agree to take under the original contract and perform in accordance with its terms. We think that the situation is distinguishable from the case of *People, for use of Buhl Sons Co.,* v. *Finn,* 162 Mich. 481, where the proposition to furnish materials was to be in accordance with plans and specifications which were a part of the original contract, and the subcontract was made with especial reference to the original contract, plans and specifications. See, also, *Staffon* v. *Lyon,* 104 Mich. 249; *People, for use of Hirth,* v. *Powers,* 108 Mich. 339; *People, for use of Winkle Terra-Cotta Co.,* v. *Cotteral,* 119 Mich. 27; *People, for use of Kroenke,* v. *Trust Co.,* 154 Mich. 614; *People, for use of Kuenzel,* v. *Construction Co.,* 159 Mich. 133; *People, for use of Sauer,* v. *Connell,* 195 Mich. 77.

In view of this conclusion, it will be unnecessary to discuss or consider the question of the sufficiency of the notice which was given, which, it is contended by the plaintiffs, was sufficient to bring it within the provisions of the statute, even if it should be held that plaintiffs were subcontractors instead of materialmen.

There is also a contention made by counsel for appellants: "The court erred in receiving any testimony, because the exact liability, if any, could not be fixed," owing to the fact that the contractor had been adjudicated a bankrupt and that its estate in bankruptcy had not been settled. We do not think that there is any merit to this contention. There is no question as to the amounts due the several claimants,

and credit has been given for the dividend of 10 per cent. already paid by the trustee in bankruptcy. The sureties, if they pay the judgment recovered against them, will be legally entitled to be subrogated to the rights of the several claimants as against the estate of the contractor and receive whatever further dividends may be paid.

The judgment should be, and is hereby affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.