Hess et al. v. J. R. Watkins Medical Company.

[No. 9,901. Filed June 5, 1919.]

1. Principal and Surety.—*Surety.*—*Guarantor.*—*Distinction.*—A surety undertakes to do that which his principal is bound to do, in event the principal fails to comply with his contract, while a guarantor undertakes that the principal will do the things stipulated in the contract by the principal to be done, and, in event the principal fails to perform, that he, the guarantor, will pay whatever damages may be sustained by the beneficiary by reason of such failure of the principal. p. 420.

2. PRINCIPAL AND SURETY.—*Creation of Relation.—Contract.— Breach.—Liability.*—A contract entered into by defendants, in consideration of one dollar paid by plaintiff, and the execution of an agreement by plaintiff company with a vendor of its goods to furnish such vendor merchandise for resale, and to extend the time of payment of an existing indebtedness, to guarantee payment of such sum and of the price of goods to be furnished thereafter, was a contract of suretyship, and not a guaranty, and defendants were liable without notice of vendor's default. p. 422.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by the **J. R. Watkins Medical Company** against Lewis J. Hess and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Harley A. Logan,* for appellants.
*L. M. Lauer* and *John W. Kitch,* for appellee.

ENLOE, J.—This was an action by appellee against the appellants, founded upon a certain contract in writing, entered into by the parties on December 2, 1912.

It appears from the record that for some time prior to said date one H. D. Flora had been selling merchandise furnished to him by appellee, and for which he was, as shown by said agreement, indebted to appellee, on said date, in the sum of $833.88; that said Flora was desirous of continuing the sale of such merchandise so theretofore furnished him by appellee, and on said date the said appellee and said Flora entered into a contract, by the terms of which said appellee agreed to furnish to said Flora such merchandise as it manufactured, or sold, at wholesale prices, until March 1, 1914, to be sold by said Flora within the limits of certain described territory; that such goods as should thereafter be furnished by

appellee, and freight or express charges thereon, should be paid for by said Flora, as therein stipulated, unless the time of payment should be extended by appellee, which right is expressly reserved; that the time of payment of the then existing indebtedness of $833.88 was extended, by the terms of said agreement, so that the same could be paid at any time during the existence of said contract then made.

This contract was duly signed by the appellee and said Flora, and immediately following their signatures was the following:

"In consideration of One Dollar in hand paid by the J. R. Watkins Medical Company, the receipt whereof is hereby acknowledged, and the execution of the foregoing agreement by said company, and the sale and delivery by it to the party of the second part, of its medicine, extracts, and other articles, and the extension of the time of payment of the amount due from him to said company as therein provided, We, the undersigned, do hereby jointly and severally guarantee full and prompt payment of said sum, and for said medicine, extracts and other articles, and the prepaid freight and express thereon, at the time and place, and in the manner in said agreement provided.    *    *    *

"S. J. Hess
"L. G. Harley."

The complaint was in one paragraph, to which was attached as an exhibit, in its entirety, the aforementioned contract, and to this complaint the appellants first answered severally, in abatement, setting out in their answer, in full, that part of the aforesaid con-

tract signed by them, and then alleging that said Flora did, at the time said contract was signed, and at the time the amounts named in said contract, which were guaranteed by these defendants, became due, and at the time this suit was commenced against these defendants, and still does, reside in the city of Kokomo, Indiana; that the appellee never brought suit against said Flora, nor attempted to enforce this contract against the principal.

To this answer in abatement a demurrer was sustained, and appellants then answered in three paragraphs—the first, general denial; second, payment; and a third paragraph, which was in substance as follows: "That the appellants guaranteed the payment of the said several amounts sued on in the complaint, and did not promise to pay the same as debtors, on the account sued on, and at the time and times the several amounts became due, the principal, Flora, was solvent, and no notice of the nonpayment of the principal debtor was given to these guarantors by the appellee, or other person, and that thereby these defendants, and each of them were precluded from saving themselves from liability on the guaranty; and said guarantors were thereby damaged and injured to the amount of their liability, by reason of the failure of such notice.

To this paragraph of answer a demurrer was sustained, and thereafter the cause was submitted to the court for trial, which made a general finding in favor of appellee, and that appellants were indebted to appellee in the sum of $912, and rendered judgment accordingly.

The errors assigned are: Error in sustaining demurrer to answer in abatement; error in sustaining

demurrer to third paragraph of answer; error in overruling appellant's motion for a new trial.

The first and second assigned errors, for their answer, center upon the one question as to the character of the undertaking of appellants, as set forth in said contract. Were they strict guarantors, or were they sureties? A surety undertakes, by his contract, to do that which his principal is bound to do, in case the principal fails to comply with his contract, while a guarantor undertakes that the principal will do the things mentioned in the contract by him (the principal) to be done, and, in case the principal fails in his undertaking, that he (the guarantor) will pay whatever damages may be sustained by the beneficiary in the contract by reason of such failure on the part of such principal.

In the case of *Nading* v. *McGregor* (1890), 121 Ind. 465, 23 N. E. 283, 6 L. R. A. 686, the court said: "In a strict guaranty, the guarantor does not undertake to do the thing which his principal is bound to do, but his obligation is that the principal shall perform such act as he is bound to perform, or in the event he fails, that the guarantor will pay such damages as may result from such failure. It is this feature which enables us to distinguish a strict or collateral guaranty from a direct undertaking or promise. So that when an instrument of writing resolves itself into a promise or undertaking on the part of the person executing it to do a particular thing which another is bound to do, in the event such other person does not perform the act himself, it is said to be an original undertaking and not a strict or collateral guaranty. In the latter class of contracts the undertaking is in the nature of a surety, and the person bound by it must take notice of the default of his principal."

In *Ward* v. *Wilson* (1885), 100 Ind. 52, 50 Am. Rep. 763, the court said: ''In like manner, where the stipulation is to pay the debt or perform the contract of another, absolutely and at all events, whether entered into separately from the other or not, the same effect should, in all cases, be given to such contracts, and the obligor held liable, without notice of default. * * * No adequate reason occurs to us for stating it as a rule, that a direct, unconditional agreement to pay for goods which may be delivered to a third person in the future, or the same kind of a contract to do any other thing which another has engaged to perform, may, by construction, be made conditional upon a notice of the default of such third person. * * * and if notice of future liability is to be relied on, it should be stipulated for in the writing, rather than that the courts should undertake to annex some condition of liability upon an absolute engagement, * * *.''

In *Trustees, etc.* v. *Gilliford* (1894), 139 Ind. 524, 38 N. E. 404, the court said: ''The answer states that the guarantors had no notice or knowledge of a large part of such sales. They had expressly guaranteed 'payment for all sales' which might be made by appellant to William A. Patton. It was their duty either to revoke that guaranty or to see that William A. Patton continued to make payment for the goods purchased.''

In *Closson* v. *Billman* (1904), 161 Ind. 610, 69 N. E. 449, the court said: ''Appellant was not a surety, although he joined with the principal obligor in the signing of the bond, because his undertaking was that his principal would perform the contract which was collateral to the bond. * * * Appellant was a

guarantor, and as such covenanted that his principal would perform the main engagement, or that he (the guarantor) would answer in damages for the default."

Construing the contract in question in the light of the authorities, we hold that the contract in question in this suit was an original undertaking, in the nature of suretyship, and the court did not err in sustaining said demurrers.

Appellants in their motion for a new trial challenges the sufficiency of the evidence to sustain the decision of the court. Construing the contract of the parties as we have, there was ample evidence to sustain the court's decision, and the same was not contrary to law.

Numerous errors in the admission of evidence and in the refusal to suppress the depositions have also been presented. We have carefully examined each and all of them which have been duly presented and find no available error in the record.

The judgment is therefore affirmed.