MEYER *v.* BUILDING AND REALTY SERVICE COMPANY, INC., ET AL.

[No. 26,092. Filed June 11, 1935. Rehearing denied November 18, 1935.]

*McAleer, Dorsey, Clark & Travis,* for appellant.

*Bomberger, Peters & Morthland* and *Cassels, Potter & Bentley* and *George C. Bunge,* for appellees.

ROLL, J.—This is an action upon a building contract and the contractor's bond, which was incorporated into and made a part of the contract. The amended complaint was in one paragraph, to which the appellee, Columbia Casualty Company, addressed a demurrer. The Building and Realty Service Company, Incorporated, made default, and judgment was rendered against it. The trial court sustained the demurrer of the appellee Columbia Casualty Company to the amended complaint. Appellant refused to plead further, whereupon judgment was entered in favor of appellee Columbia Casualty Company, from which judgment this appeal is prosecuted, assigning as the only error the sustaining of appellee's demurrer to the amended complaint.

The complaint alleges in substance: that on the 9th day of October, 1925, plaintiff and defendant Building and Realty Service Company, Incorporated, entered into a certain written contract, wherein and whereby the defendant Building and Realty Company, Incorporated, agreed in writing to furnish all labor and materials to erect and construct in a good, substantial, and workmanlike manner a certain building for the use of plaintiff on certain described real estate. A copy of the building contract is set out in full in the amended complaint. It was also provided that the contractor furnish bond by an approved bonding company to the full amount of the contract. It is further alleged that contemporaneous with the execution of said contract and

specifications, the defendant Columbia Casualty Company, upon the consideration of the execution of said contract above referred to, and for a certain valuable premium then and there paid to them by the plaintiff, executed their certain policy of insurance guaranteeing to this plaintiff against any loss that this plaintiff might sustain by reason of the failure of said defendant Building and Realty Service Company, Incorporated, to perform said contract in accordance with the terms therein; that said policy or bond of insurance is in words and figures as follows:

"Columbia Casualty Company. Know all men by these presents: That Building and Realty Service, Inc., of Hammond, State of Indiana (hereinafter called the principal), and Columbia Casualty Company, a corporation organized under the laws of the State of New York, with its Home Office in the City of New York (hereinafter called the surety), are held and firmly bound unto Joseph E. Meyer of Hammond, State of Indiana, hereinafter called the obligee, in the sum of Thirty-seven thousand one hundred twenty-five and no/100 ($37,125.00) Dollars, lawful money of the United States of America, for the payment whereof to the obligee the principal binds itself, its heirs, executors, administrators, successors and assigns, and the surety binds itself, its successors and assigns, jointly and severally, firmly by these presents. Signed, sealed and dated this 20th day of October, 1925.

WHEREAS, the principal and obligee have entered into a written contract, hereinafter called the contract, for the construction of a medicine factory building in Hammond, Indiana, dated the 9th day of October, 1925, a copy of which is or may be attached hereto, and is hereby referred to and made a part hereof.

NOW, THEREFORE, the condition of the foregoing obligation is such that if the principal shall indemnify the obligee for all loss that the obligee may sustain by reason of the principal's failure to comply with any of the terms of the contract, then this obligation shall be void; otherwise it shall remain in force.

The foregoing obligation, however, is limited by the following express conditions, the performance of each of which shall be a condition precedent to any right of claim or recovery hereunder:

1. Upon the discovery by the obligee, or by the obligee's agent or representative, of any act or omission that shall or might involve a loss hereunder, the obligee shall give immediate written notice thereof with the fullest information obtainable at the time to the surety at its Home Office.

2. If the principal shall fail to comply with the provisions of the contract to such an extent that the contract shall be forfeited, the surety shall have the right and opportunity to assume the remainder of the contract and at its option to perform or sublet the same.

3. In the event of any breach of the provisions of the contract, the surety shall be subrogated to all the rights and properties of the principal arising out of the contract. All deferred payments, and any and all moneys and properties that are then, or that may thereafter become due to the principal under or by virtue of the contract, shall be credited upon any claim that the obligee may make upon the surety.

4. Legal proceedings for recovery hereunder may not be brought unless begun within twelve months from the time of the discovery of the act or omission of the principal on account of which claim is made; but if the surety shall assume the performance of the contract, the period within which legal proceedings for recovery hereunder may be brought shall be deemed extended twelve months beyond the date of failure of the surety to perform the said contract. If any limitation set forth in this condition is prohibited by the Statutes of the State in which this bond is issued, the said limitation shall be considered to be amended to agree with the minimum period of limitation permitted by such Statutes.

5. The principal shall be made a party to any suit or action for recovery hereunder, and no judgment shall be rendered against the surety in excess of the penalty of this instrument.

6. The surety shall not be liable for any damages, resulting from strikes or labor difficulties, or from mobs, riots, fire, the elements, or acts of God,

or for the repair or reconstruction of any work or materials damaged or destroyed by any such causes; nor for damages for injury to person; nor for the non-performance of any guarantees of the efficiency or wearing qualities of any work done or materials furnished or the maintenance thereof or repairs thereto; nor for the furnishing of any bond or obligation other than this instrument; nor for damages caused by delay in finishing such contract in excess of ten per cent of the penalty of this instrument.

7. No change shall be made in the plans and specifications forming part of the contract that shall increase the amount to be paid to the principal more than ten per cent of the penalty of this instrument, unless the Surety's consent thereto shall be secured in writing.

8. The obligee shall retain such proportion as the contract specifies that the obligee shall or may retain of the value of all work performed or materials furnished in the prosecution of the contract (but not less in any event than ten per cent of such value) until the principal has completely performed all the terms, covenants and conditions of the contract to be performed by the principal.

9. No right of action shall accrue hereunder to or for the use or benefit of any one other than the obligee, and the obligee's rights hereunder may not be assigned without the written consent of the surety."

Plaintiff further alleged in said amended complaint the default of the Building and Realty Company, Incorporated, in carrying out the contract, notice by plaintiff to the contractor to fulfill its contract, notice by the contractor that it was unable to complete the building according to contract, the notice by plaintiff to the bonding company of the default of the contractor, the refusal of the contractor and the refusal of the bonding company to carry out the building contract, and to complete said building according to contract. The amended complaint alleged the completion of the building by appellant, at a cost to him of $76,000.00, and a demand by him upon appellees to indemnify him in the amount of

the bond, to-wit: $37,125.00; the refusal on the part of appellees to pay the same.

This action was commenced on the 26th day of April, 1928. The amended complaint showed that the breach of the contract by the contractor was known to the appellant not later than March, 1926.

The demurrer filed by appellee Columbia Casualty Company was for insufficient facts, and the reasons pointed out are as follows:

"1. Said amended complaint shows on its face that this defendant is a foreign corporation, and that this action was not commenced within the time limited by the stipulation in the bond or indemnity agreement set forth in said complaint, and alleged to have been executed by this defendant as surety on the 20th day of October, 1925, that is to say, the action was not commenced within twelve (12) months from the time of the discovery of the omission of the principal Building and Realty Service, Incorporated, and it further appears on the face of said amended complaint that the defendant Surety Company did not assume the performance of the contract.

2. That it affirmatively appears by the allegations of said amended complaint that the omissions of the principal Building and Realty Service, Incorporated, against which it is alleged this defendant agreed to indemnify the plaintiff and on account of which this suit is brought and claim is made, were discovered by and known to the plaintiff more than one (1) year prior to the commencement of this action, to-wit: prior to the 26th day of April, 1928, and that this defendant did not assume the performance of the contract.

3. It affirmatively appears that the action was not commenced within twelve (12) months from the time the alleged default of the principal was discovered.

4. The Act of Assembly of the State of Indiana enacted in 1865 and appearing at Section 9139, Burns R. S. 1926, is not applicable to the written undertaking sued upon in this case.

5. The Act of Assembly of the State of Indiana enacted in 1865 and appearing at Section 9139,

Burns R. S. 1926, is unconstitutional and void and violative of Article 14 of the amendments to the Constitution of the United States, in that it denies to this defendant the equal protection of the laws, and abridges the privileges and immunities of this defendant; said law is further void in that it is violative of Section 23 of Article 1 of the Constitution of the State of Indiana in that it, in effect, grants to a certain class of citizens, to-wit: insurance companies incorporated in the State of Indiana, privileges and immunities, that is to say, the right to contract, for the limitation of the time for filing an action to less than three (3) years, which right is not upon the same terms granted to all citizens."

The first clause of section 4 of the bond herein is the bone of contention in this case. This clause is as follows:

"Legal proceedings for recovery hereunder may not be brought unless begun within twelve months from the time of the discovery of the act or omission of the principal on account of which claim is made;"

Appellant contends that the bond herein is a policy of insurance, and being an insurance policy, and executed by a foreign corporation, the above provision is void, being prohibited and made void by reason of §9139, Burns Ann. St. 1926, §39-1713, Burns Ind. St. Ann. 1933, §9572, Baldwin's 1934, Acts 1865 Special Sess., Ch. 15, §6, p. 105. The title of said act and §6 thereof reads as follows:

## "CHAPTER XV."

"AN ACT, regulating Foreign Insurance Companies, doing Business in this State; Prescribing the duties of the Agents thereof, and of the Auditor of State in connection therewith, and providing Penalties for the Violation of the Provisions of this Act."

"Sec. 6. No such Insurance Company shall insert any condition, in any policy hereafter issued, requiring the insured to give notice forthwith, or within the period of time less than five days, of the loss of the insured property; nor shall any con-

dition be inserted in such policy, requiring the insured to procure the certificate of the nearest justice of the peace, mayor, judge, clergyman, or other official, or person, of such loss, or the amount of such loss; and any provision or condition contrary to the provisions of this section, or any condition in said policy, inserted to avoid the provisions of this section, shall be void, and no condition or agreement, not to sue for a period less than three years, shall be valid."

Appellee contends: (1) That the bond here in question is a surety bond, and not an insurance policy; that the contract signed and executed by the Columbia Casualty Company herein is a contract of surety, and not a contract of insurance and hence, the above statute had no application to the question here involved; (2) That if the bond here in question should be construed by the court to be an insurance contract and that the above quoted statute applicable, that said statute is unconstitutional, being in violation of the equal protection clause of the Fourteenth Amendment of the Federal Constitution. The constitutional question was recently decided adverse to appellee's contention by the Supreme Court of the United States in the case of *The Metropolitan Casualty Insurance Company of New York, Petitioner* v. *Brownell, Rec.* (1935), 294 U. S. 580, 55 S. Ct. Rep. 538, decided March 18, 1935. Upon authority of that case we hold that §9139, Burns Ann. St. 1926, §39-1713, Burns Ind. St. Ann. 1933, is not in conflict with and does not deprive appellee company of the equal protection of the law as guaranteed by the Fourteenth Amendment to our Federal Constitution.

The only question left for our decision is the first question above stated. Is the bond here in question a contract of insurance or is it a contract of surety?

We find statements in many decisions varying from an unqualified declaration that a corporate surety is an insurer and engaged in the insurance business, to the

more guarded statement that when a surety company becomes obligated on its bond, "the relation of principal and surety, or principal and guarantor, is created just as much as though the application had been made to a private individual and such private individual had executed a bond to the employer." *Maryland Casualty Co.* v. *Hjorth* (1925), 187 Wis. 270, 202 N. W. 665.

An examination of the cases cited by appellant, to the proposition that the surety company is an insurer, and many other cases might be added to the list, it will be observed, that they are cases involving the rights of the insured against the indemnity company and relate to a construction of some ambiguous language in the contract.

In construing an ambiguous provision in a corporate surety contract, the courts apply the rule applicable to insurance policies, namely, that the language will be construed most strongly against the insurance company. In such cases it can make very little difference to call corporate surety an "insurer," and his contract a policy of insurance. This seems to be the only innovation thus far made by the court in construing corporate surety contracts. But when the courts are dealing with the rights, remedies, and defenses of a surety, the rules of insurance furnish no help. A contract of surety creates a tripartite relation between the party secured, the principal obligor, and the party secondarily liable, and the rights, remedies, and defenses of a surety cannot be disassociated from this relationship even though you call the contract one of insurance. This tripartite relationship is always present in a surety contract, while an insurance contract in itself never creates a tripartite relation analogous to the suretyship relation. While insurance contracts are in many respects similar to surety contracts, yet there is a very wide difference between the two kinds of contracts.

Insurance has been defined as a contract whereby one undertakes to indemnity another against loss, damage, or liability arising from an unknown or contingent event; whereas a contract of suretyship is one to answer for the debt, default or miscarriage of another, and a contract of suretyship is not altered because made by a corporation for compensation. Notwithstanding the fact, surety contracts, when executed by a corporation for compensation, have sometimes been spoken of by the courts as insurance contracts, the fact still remains that the wide difference, above mentioned, still exists. We are clearly of the opinion that the contract here in question is a contract of suretyship and not an insurance policy. *Union Indemnity Co.* v. *Vetter* (1930), 40 Fed. (2nd) 606; *Maryland Casualty Co.* v. *Hjorth, supra; Maine Lumber Co.* v. *Maryland Casualty Co.* (1926), 214 N. Y. S. 621; *Mahana* v. *Alexander* (1927), 88 Cal. App. 111, 263 Pac. 260.

The statute above set out only purports to apply to insurance corporations, and we would not be justified in extending its provisions to include companies engaged in an altogether different kind of business.

For the reasons above stated we hold that the clause in the bond, not to sue after twelve months from the time of the discovery of the act or omission of the principal on account of which claim is made, is valid and binding, and there was no error in sustaining appellee's demurrer to the complaint.

Judgment affirmed.