GOULD PLUMBING AND HEATING, INC. v CAPITOL
INDEMNITY CORPORATION

1. Principal and Surety—Bankruptcy—Discharge in Bankruptcy
—Effect—Statutes.

The liability of a person who is a co-debtor with, or guarantor or
in any manner a surety for, a bankrupt is not altered by the
discharge of the bankrupt (11 USC 34).

2. Courts—State Courts—Jurisdiction—Principal and Surety—
Pending Action—Federal Courts—Bankruptcy—Acceler-
ated Judgment—Court Rules.

An accelerated judgment for the defendant, in an action by a
subcontractor against a surety company based on a surety bond
which guaranteed the obligations of a general contractor, was
improperly granted on the grounds that the state court lacked
subject matter jurisdiction and that another action was pending
in Federal bankruptcy court between the same parties involv-
ing the same claim, where the state court did have subject
matter jurisdiction of the action, the pending action in Federal
court by the bankrupt general contractor did not involve the
same claims as the state court action, the proceeds of the
surety bond were not an asset of the bankrupt's estate, and the
bankruptcy court's exercise of jurisdiction over the surety's
funds was nonexclusive and contemplated other lawsuits based
on the surety bond (GCR 1963, 116.1[2], 116.1[4]).

Appeal from Genesee, Thomas C. Yeotis, J. Sub-
mitted Division 3 January 6, 1975, at Grand Rap-
ids. (Docket No. 17777.) Decided March 24, 1975.

Complaint by Gould Plumbing and Heating, Inc.,
against Capitol Indemnity Corporation to recover
on a surety bond issued by defendant to assure the
obligations of a general contractor. Accelerated

REFERENCES FOR POINTS IN HEADNOTES
[1] 9 Am Jur 2d, Bankruptcy §§ 772–777.
[2] 9 Am Jur 2d, Bankruptcy §§ 58, 288, 878, 879.

judgment for defendant. Plaintiff appeals. Reversed and remanded.

*John J. Hermann,* for plaintiff.

*Anthony J. Mansour, P. C.,* for defendant.

Before: V. J. BRENNAN, P. J., J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Plaintiff appeals as of right the trial court's granting of defendant's motion for accelerated judgment. Plaintiff had brought suit to recover on a payment bond issued by defendant to assure the obligations of Britt Quality Homes, Inc., hereinafter referred to as Britt, a general contractor. Plaintiff is a subcontractor of Britt for the installation of plumbing on an apartment project, Rivertown West.

Britt, as principal, and defendant, as surety, executed payment and performance bonds, each for $167,000, to Rivertown West, a Michigan co-partnership, owners of the project. Plaintiff performed its obligations to Britt but has not been fully paid.

Britt became financially insolvent and filed bankruptcy proceedings in the United States District Court. Apparently recognizing its liability on the bonds, defendant deposited $167,000 with the trustee in bankruptcy in fulfillment of its obligations. While this amount constituted but one half of its total contractual liability on the bonds, presumably it was intended to be in full satisfaction of all potential claims. It was contemplated that the trustee would disburse these funds to the rightful recipients.

An order entered pursuant to a recommendation of the creditors' committee provided that any fur-

ther legal actions against defendant herein, based on Britt's default, would be defended by the receiver and that any other recoveries against the defendant would give defendant the right to be subrogated to those claimants' rights in the bankruptcy proceedings. Under this order, it was also agreed that $51,302 of these funds would be paid to Consolidated Mortgage Company for interest on the mortgage of the project property; the mortgage guarantee was disbursed according to a provision of the performance bond. Thus, (1) only $115,698 remained to be distributed to creditors having claims exceeding this amount; (2) the balance did not represent assets exclusively for the benefit of materialmen and suppliers despite their legitimate contractual rights to the $167,000 on the payment bond; and, (3) the administration costs would further diminish this fund before the claimants would receive any of the proceeds.

As the payment bond was executed for the benefit of materialmen and suppliers, plaintiff sought recovery from the defendant in circuit court, as a beneficiary of and in accordance with the terms of the bond instrument. Defendant moved for accelerated judgment under GCR 1963, 116.1(5), alleging there was payment and release in the Federal bankruptcy action and that any disputes should be resolved in the bankruptcy court.

The trial judge granted defendant's motion on the grounds that: (1) the court lacked subject matter jurisdiction and (2) another action was pending in Federal court involving the same parties and cause of action. GCR 116.1(2), 116.1(4).

It is not contested that plaintiff is a proper claimant under the payment bond, having supplied and installed plumbing equipment at Rivertown

West. Nor is there a denial that there is a balance due plaintiff.

11 USC 34 provides the following:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

Thus, the fact that Britt can no longer fulfill its contractual obligations and will receive a discharge in bankruptcy does not terminate defendant's liability which arises from a separate and distinct contractual agreement. *In re General Steel Tank Company, Inc,* 478 F2d 294 (CA 4, 1973); *United States v George A Fuller Co,* 250 F Supp 649, 656–658 (D Mont, 1966). It is well settled that a party who is deemed the beneficiary of a bond or surety agreement has a cause of action in the courts of general jurisdiction in Michigan. *Brown & Brown Coal Co v Antezak,* 164 Mich 110; 128 NW 774; 130 NW 305 (1910); *People, for the use of Westover-Kamm Co v Valley Mantel & Tile Co,* 200 Mich 554; 166 NW 839 (1918), *Buckeye Commercial Savings Bank v Protogere,* 250 Mich 652; 231 NW 65 (1930) (based on Ohio law). Hence, the trial court erred in determining that there was no subject matter jurisdiction.

The second basis for the lower court ruling was the existence of another action between the same parties founded on the same claim. This assessment was improper as the Federal court bankruptcy matter involved the claims of Britt's creditors and their settlement and discharge in relation to the bankrupt. The surety's obligations need not be evaluated or resolved to properly, competently, and completely dispose of the bankrupt's petition and the creditors' claims. *In re Magnus Harmonica Corp,* 233 F2d 803 (CA 3, 1956); *In re Magnus*

*Harmonica Corp,* 237 F2d 867 (CA 3, 1956). The proceeds of the bond are not an asset of the bankrupt's estate. *Phillips v Fidelity and Deposit Co of Maryland,* 338 F2d 55 (CA 5, 1964). Further, it is dubious whether the surety could make itself a party in the bankruptcy action simply by depositing funds with the trustee.

The defendant could not terminate its liability on the contractual obligation merely by obtaining a release through a bankruptcy court order. The bankruptcy court's actions may only be triggered by the filing of a petition and the bankruptcy court may only adjudicate the liabilities of the debtor. If this were not so, the surety could be released from legitimate claims of parties who did not participate in the bankruptcy court proceedings. *In re Diversey Bldg Corp,* 86 F2d 456 (CA 7, 1936), *cert den,* 300 US 662; 57 S Ct 492; 81 L Ed 870 (1937). The creditors in the bankruptcy action are asserting claims for the liabilities of the bankrupt while the action presently being litigated is predicated on funds guaranteed by a surety agreement to be fulfilled by the defendant bonding company and not the bankrupt. Consequently, this other pending action did not involve the same claims by the same parties.

Lastly, the language of the bankruptcy court order indicated the nonexclusivity of the court's exercise of jurisdiction over the surety's funds. A provision of the order contemplated the possibility of other lawsuits based on the payment and performance bonds; it specifically provided for the defendant's legal representation in any such matters by the receiver and gave the defendant the right of subrogation in the bankruptcy case in the event of any recoveries.

The accelerated judgment should not have been granted.

Reversed and remanded. Costs to appellant.