**UNITED STATES FIRE INSURANCE COMPANY, Appellant,**

v.

**AMERICAN TURNERS OF LOUISVILLE, INC., Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1977.

William A. Miller, Louisville, for appellant.

Rocco J. Celebrezze, Louisville, for appellee.

Before HOWERTON, GANT and WHITE, JJ.

HOWERTON, Judge.

This is an appeal from a judgment in favor of appellee on an employee dishonesty bond. The appellant raises three issues on this appeal. The appellant first contends that appellee's complaint should have been dismissed because it was not brought within the period of limitations provided for in the bond. The second issue is that the proof merely showed a shortage of accounts without any act of dishonesty, and therefore, appellant's Motion for a Directed Verdict should have been sustained. The appellant's final argument is that the complaint made no request for interest, and it was therefore erroneous for the trial court to render any judgment for interest relating back to the date of the alleged money shortage.

The bond in question provided in part:

Fourth: —Upon discovery of the Employer of any loss, the Employer shall promptly deliver notice thereof to the Surety at its Home Office, in New York, New York, and within Four months after such discovery, the Employer shall file with the Surety at its Home Office a written statement of claim giving particulars of such loss. The Surety shall have Two months after claim has been presented in which to verify and pay same, during which time no legal proceeding shall be brought against the Surety as to that claim, *nor in all as to that claim after the expiration of Fifteen months from the time of its presentation.* If this limitation is void under the laws of the place governing the construction thereof, it shall be extended to the shortest period of limitation permitted by such law. (emphasis ours)

The facts are uncontradicted that the claim was first presented on May 2, 1972, with the filing of a Proof of Loss. It is also uncontradicted that the complaint was not filed until February 20, 1974, some 21 months and 18 days after the presentation of the claim.

In the absence of a contractual limitation, the statute of limitations would permit an

action on the contract to be brought within fifteen years after the date of the occurrence. Periods of limitation shorter than that provided by the statute are commonly found in insurance policies, however, and they have been sustained. See, for example, *Ashland Finance Co. v. Hartford Accident & Indemnity Co.*, Ky., 474 S.W.2d 364 (1971) and *Stansbury v. Smith*, Ky., 424 S.W.2d 571 (1968), in which one year limitations were sustained as reasonable. In the *Ashland Finance* case, the limitation for filing a suit was one year from the date of the discovery of the loss. The bond also provided a three-month period in which to file the Proof of Loss after the discovery of the loss, and also that no suit could be brought within the three-month period following the filing of the Proof of Loss. In the case sub judice, the contractual limitation is considerably longer. The time for filing a suit on the claim is fifteen months after the presentation of the Proof of Loss. The bond also bars a suit for two months after the presentation of the Proof of Loss and thus provides an actual period of thirteen months in which a suit may be filed. Furthermore, the Proof of Loss may be presented at any time within four months after the discovery of the loss. Thus, appellant's bond allows a total of nineteen months from the discovery of the loss in which to file a suit, if the claim is otherwise denied.

The appellee argues—as was apparently accepted in the circuit court—that it did not receive a copy of the bond until after the contractual period of limitations within the bond had already passed. Appellee did request a copy of the bond which was immediately furnished by the appellant, but the request for a copy was not made until after the fifteen-month deadline.

We believe that as a matter of law the purchaser of a fidelity bond may be presumed to have received a copy of the bond. It would therefore be incumbent upon the bond holder to overcome the presumption. Furthermore, in this case, a Mr. Thoman,

who was responsible for purchase of the bond at the time it was originally acquired, indicated in his direct testimony that he would have to say that the appellee did receive the bond. He indicated in his redirect testimony that he had no actual memory of having received the bond, but he did state that he would not have paid for the bond if he had not been given a copy of it. Appellee is an organization which apparently has frequent elections of new officers. At best, the evidence in this case indicates that the current officers were unable to locate a copy of the bond. This conclusion does not necessitate the conclusion that appellee never received a copy of the bond at the time of its purchase.

Surely, appellant was entitled to presume that the appellee had a copy of the bond until it received a request for another copy. Appellant was under no obligation to furnish any additional copies of the bond until so requested. The appellee must be charged with knowledge of the terms and conditions of the bond, and it is clear that appellee failed to comply with its requirements for instituting a legal proceeding on a claim.

Having found that the appellee's complaint should have been dismissed, we need not discuss or decide the two remaining issues.

The judgment of the circuit court is reversed.

All concur.