**STATE of Indiana, Plaintiff-Appellant,**

v.

**Betty Joan LIDSTER, International Insurance Company, Calvert Fire Insurance Company, and American Bankers Insurance Company, Defendants-Appellees.**

**No. 1–1183A365.**

Court of Appeals of Indiana, First District.

Aug. 15, 1984.

Linley E. Pearson, Atty. Gen., R. Lee Money, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

John Christopher Wall, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, for defendant-appellee, Intern. Ins. Co.

Jordan D. Lewis, Lewis & Lewis, Terre Haute, for defendant-appellee, Calvert Fire Ins. Co.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The State of Indiana appeals from orders of the Clay Circuit Court granting motions for summary judgment in favor of International Insurance Company and Calvert Fire Insurance Company. We reverse.

## FACTS

The State Board of Accounts conducted an audit of the Riley Elementary School Lunch Fund, Vigo County School Corporation, encompassing the period from July 1, 1973, to January 26, 1977. Examiners determined that a substantial portion of the lunch monies collected from the pupils of Riley Elementary School were missing. On March 6, 1980, the State filed its original complaint in the Vigo Circuit Court [1] alleging that Betty Joan Lidster (Lidster) was the public official responsible for the missing funds.

International Insurance Company (International) issued a comprehensive business insurance policy to the Vigo County School Corporation in April 1972. This policy included an Honesty Blanket Bond covering the period from April 1, 1972, to April 1, 1975. In April 1975, Calvert Fire Insurance Company (Calvert) issued an Honesty Blanket Bond to the Vigo County School Corporation covering the period from April 1, 1975 to April 1, 1976. By virtue of these bonds, the State alleges that International and Calvert are jointly and severally liable with Lidster for the missing lunch money.

On April 28, 1980, Calvert filed a motion to dismiss pursuant to Indiana Rules of Procedure, Trial Rule 12(b)(6) arguing that the complaint failed to allege that the loss of the lunch money resulted from fraudulent or dishonest acts on the part of Lidster. The trial court granted Calvert's motion and gave the State ten days in which to file an amended complaint. Instead of appealing the trial court's order, the State chose to file an amended complaint. Sub-

1. Pursuant to Indiana Rules of Procedure, Trial Rule 76 this action was venued to the Clay Circuit Court on May 20, 1980.

sequently, both Calvert and International filed answers to the amended complaint.

On June 29, 1983, Calvert filed its motion for summary judgment arguing that the State's action was barred by a three year limitation on actions set out in the bonding agreement. The trial court granted Calvert's motion on August 11, 1983. On August 19, 1983, International filed its motion for summary judgment also arguing that the State's action was barred by the three year limitation on actions set out in their bonding agreement. It is from these orders that the State now appeals.[2]

### ISSUES

This appeal presents three issues for review:

1. May the parties to an official bond agree to a limitation on actions which is shorter than the applicable statutory period?

2. May International argue for the first time on appeal that the State's action is barred by the five year statute of limitations?

3. Did the trial court err when it granted Calvert's motion to dismiss its original complaint?

### DISCUSSION AND DECISION

*Issue One*

■ Parties to a private bond may contractually limit the time in which suit may be brought on the bond to a period less than the applicable statute of limitations. *Meyer v. Building and Realty Service Co.,* (1935) 209 Ind. 125, 134, 196 N.E. 250, 254. Official bonds, however, are treated differently than private bonds. *United States Fidelity & Guaranty Co. v. Poetker,* (1913) 180 Ind. 255, 263, 102 N.E. 372, 374. As this court stated long ago, public officials do not have the power to contract

away the rights of the public for whose benefit the official bond is required. *General Asbestos & Supply Co. v. Aetna Casualty & Surety Co.,* (1935) 101 Ind.App. 207, 217, 198 N.E. 813, 817. Therefore, provisions in official bonds which tend to limit or restrict the surety's liability are void. *United States Fidelity & Guaranty,* 180 Ind. at 267, 102 N.E. at 376, *quoting United States Fidelity & Guaranty Co. v. Union Trust & Savings Co.,* (1904) 142 Ala. 532, 38 So. 177.

■ This court dealt with essentially the same issue in *Southern Surety Co. v. Kinney,* (1920) 74 Ind.App. 205, 127 N.E. 575. In *Southern Surety,* the bond upon which the litigation was based contained a provision releasing the surety from liability if the wrongdoing was not discovered within the earlier of six months following cancellation of the bond or six months following termination of the wrongdoer's employment. *Id.* at 210, 127 N.E. at 577. We held that such provision was void. *Id.* at 219, 127 N.E. at 580. Each of the bonds at issue here contain provisions which relieve the sureties of liability if claims are not brought within three years after the occurrence of the wrongdoing. In as much as these provisions shorten the applicable statute of limitations they are void. *Hack v. American Surety Co.,* (7th Cir.1938) 96 F.2d 939, 944, *cert. denied* 305 U.S. 631, 59 S.Ct. 95, 83 L.Ed. 405 (applying Indiana law).

International refers us to three cases which upheld contractual limitations similar to those contained in the bonds at issue here.[3] We note only that two of these cases involve private bonds and not official bonds. In the third case, the court specifically held that the performance bond at issue was taken pursuant to a common law obligation and was not a statutory bond. *City of Hot Springs v. National Surety Co.,* (1975) 258 Ark. 1009, 1013, 531 S.W.2d

---

**2.** The State petitioned this court to consolidate these appeals. That petition was granted on December 6, 1983.

**3.** *United States Fire Insurance Co. v. American Turners of Louisville, Inc.,* (1977) 557 S.W.2d

905; *City of Hot Springs v. National Surety Co.,* (1975) 258 Ark. 1009, 531 S.W.2d 8; *Ashland Finance Co. v. Hartford Accident & Indemnity Co.,* (1971) 474 S.W.2d 364.

8, 10. This recitation of authorities does not persuade us to change our position on this issue.

*Issue Two*

 International next argues that even if the contractual limitation is void, a portion of the State's claim against them is barred by the five year statute of limitations.[4] The statute of limitations is an affirmative defense. Indiana Rules of Procedure, Trial Rule 8(c). In order to properly preserve an affirmative defense for review, the party with the burden of proving it must show that the defense was either set out in a responsive pleading or actually litigated by the parties. *Lawshe v. Glen Park Lumber Co.*, (1978) 176 Ind.App. 344, 346–47, 375 N.E.2d 275, 277–78; *see also, Dawson v. St. Vincent Hospital & Health Care Center*, (1981) Ind.App., 426 N.E.2d 1328, 1331. The statute of limitations defense was never raised in the trial court. Thus, International has waived this issue for purposes of this appeal.

*Issue Three*

 Finally, the State argues that the trial court erred when it dismissed its original complaint. As we noted above, the State chose to file an amended complaint. Thus, they have waived any error occasioned by the granting of the motion to dismiss the original complaint. *State v. LaRue's, Inc.*, (1958) 239 Ind. 56, 65, 154 N.E.2d 708, 712; *Anderson v. Anderson*, (1979) Ind.App., 399 N.E.2d 391, 406 n. 30.

The judgment of the trial court is reversed.

NEAL, P.J. and ROBERTSON, J., concur.

---

4. Indiana Code section 34–1–2–2 states:

 "Limitation of actions—Two, five, six, ten and twenty years.—The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:

 . . . . .

 (2) All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the commission of an official duty, within five [5] years; but an action may be brought against the officer or his legal representatives, for money collected in an official capacity, and not paid over, at any time within six [6] years."