**Larry L. BAILEY, Appellant–Plaintiff,**

v.

**Carlus H. HOLLIDAY, et al., Appellees–Defendants.**

**No. 22A04–0301–CV–33.**

Court of Appeals of Indiana.

April 7, 2004.

---

H. Kevin Eddins, Tilford, Dobbins, Alexander, Buckaway & Black, Louisville, KY, Attorney for Appellant.

John A. Kraft, Young Lind Endres & Kraft, New Albany, IN, Attorney for Appellees.

**OPINION**

SHARPNACK, Judge.

In this interlocutory appeal, Larry Bailey ("Contractor") appeals the trial court's order releasing the mechanic's lien on real property of Carlus Holliday and Steve Goodman (collectively referred to as "Owners") and the trial court's denial of Contractor's motion to correct error. Contractor raises one issue, which we restate as whether the trial court abused its discretion when it released the mechanic's lien on Owners' property. We reverse.

The relevant facts follow. Owners entered into a written contract with Contractor for the installation of drywall in their residence. After Contractor completed drywall work in the house, he sent an invoice for $5,400 to Owners. Owners disputed the amount and did not pay the invoice.

Contractor filed a notice of intention to hold a mechanic's lien for $5,400 on Owners' real estate with the Floyd County Recorder's Office and later filed a complaint to foreclose the mechanic's lien. Owners filed a written undertaking pursuant to Ind.Code § 32–28–3–11 and paid $5,400 to the trial court clerk. That same day, the trial court ordered that the written undertaking be approved and that the mechanic's lien against Owners' property be released. The trial court's order provided:

> COMES NOW the Court, upon [Owners'] Written Undertaking Pursuant to I.C. 32–28–3–11....
>
> And the Court, being duly advised in the premise, grants and approves said written undertaking, acknowledging payment by [Owners] of the amount of FIVE THOUSAND FOUR HUNDRED AND NO/100 ($5,400.00) DOLLARS to be held in the office of the Clerk until further Order of this Court pursuant to I.C. 32–28–3–11; and
>
> IT IS FURTHER ORDERED AND DECREED the lien of [Contractor], as set out in his Complaint, and of record in the office of the Recorder of Floyd County, Indiana at I200207869, be and is hereby discharged and released of and from the real estate of [Owners] as described in the lien and [Contractor's] Complaint; and
>
> IT IS FURTHER ORDERED [Owners] are personally bound to pay any judgment rendered by this Court in said proceeding.

Appellant's Appendix at 6. Contractor filed a motion to correct error, and the trial court denied that motion.

The sole issue is whether the trial court abused its discretion when it released the mechanic's lien on Owners' property. The trial court abuses its discretion if its decision is clearly against the

logic and effect of the facts and circumstances before it. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993).

■ Contractor argues that the trial court erred by releasing the mechanic's lien from Owners' property because Owners' written undertaking did not comply with Ind.Code § 32–28–3–11 (Supp.2003), which provides:

(a) In an action to foreclose a lien:

(1) the defendant or owner of the property subject to the lien; or

(2) any person having an interest in the property subject to the lien, including a mortgagee or other lienholder;

may file in the action a written undertaking with surety to be approved by the court.

(b) An undertaking filed under this section must provide that the person filing it will pay any judgment that may be recovered in the action to foreclose the lien, including costs and attorney's fees allowed by the court, if the claim on which the judgment is founded is found by the court to have been a lien on the property at the time the action was filed.

(c) If an undertaking is filed and approved by the court:

(1) the court shall enter an order releasing the property from the lien; and

(2) the property shall be discharged from the lien.

Specifically, Contractor argues that Owners' undertaking did not comply with the statute because the surety did not include any potential costs and attorney fees that he may recover if the trial court finds that his mechanic's lien was valid. We agree.

Here, Owners filed their written undertaking and paid $5,400 to the trial court clerk. Owners' written undertaking provided:

1. That pursuant to I.C. 32–28–3–11, and while disputing the nature and the amount of the lien filed by [Contractor], and reserving all rights to be asserted in a Counterclaim for Slander of Title, they hereby pay and tender into Court the full amount of the lien to be held by [Contractor].

2. [Owners] pay the amount into Court with a full understanding and acknowledgement the same represents their personal surety to pay a judgment, if any, rendered by this Court on the foreclosure filed by [Contractor] herein.

3. [Owners] respectfully request the Court to issue the attached Order releasing [Owners'] real estate from the lien and the property shall be discharged from the lien pursuant to I.C. 32–28–3–11(c)(1) and (2).

4. [Owners] respectfully request the funds paid in be held by the Clerk of this Court pending final resolution and judgment in the above captioned action, or further Order of this Court releasing said funds.

Appellant's Appendix at 28. The trial court approved the undertaking and surety and released the property from the lien. After the trial court had issued its order and during a later hearing, the trial court "acknowledge[d] that [Contractor] could be entitled to recover attorney's fees, interest[,] and costs pursuant to the Mechanic's Lien statutes...." *Id.* at 23. However, the trial court stated that Owners' surety covering only the amount of the lien combined with the statement that Owners would pay any judgment rendered by the trial court were adequate because the "security as to interest, attorney's fees, and costs, if any, to which [Contractor] might be entitled are adequately covered based on the Court's knowledge of [Owners'] in-

volvement in the community and their interests...." *Id.* at 25.

█ We cannot say that Owners' surety, which only covered the amount of the lien, and their "personal surety" or mere statement that they would pay any potential judgment that may stem from Contractor's foreclosure action complied with the undertaking statute. In interpreting the undertaking statute, we conclude that the surety needs to cover any judgment, including the amount of the lien, costs, and attorney fees and that that surety needs to be in a form (e.g., a bond, cash, or letter of credit) that will guarantee or secure the undertaking.

█ The primary goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. *State v. Dugan,* 793 N.E.2d 1034, 1036 (Ind.2003). The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute. *Hendrix v. State,* 759 N.E.2d 1045, 1047 (Ind.2001). It is just as important to recognize what the statute does not say as it is to recognize what it does say. *Dugan,* 793 N.E.2d 1034, 1036. We are required to determine and apply the legislative intent underlying the statute and to construe the statute in such a way as to prevent absurdity and hardship and to favor public convenience. *Livingston v. Fast Cash USA, Inc.,* 753 N.E.2d 572, 575 (Ind.2001). In so doing, we consider the objects and purposes of the statute, as well as the effects and consequences of such interpretation. *Id.*

█ "The historical origin and purpose of mechanic's lien statutes was to make a property owner an involuntary guarantor of payments for the reasonable value of improvements made to real estate by the physical labor or materials furnished by laborers or materialmen." *Premier Investments v. Suites of America, Inc.,* 644 N.E.2d 124, 130 (Ind.1994). The purpose of mechanic's lien laws is to "prevent the inequity of a property owner enjoying the benefits of the labor and materials furnished by others without recompense." *Id.* The language of the undertaking statute provides that to release a lien, a property owner must file "a written undertaking with surety" and that such an undertaking must cover any judgment, including costs and attorney fees. I.C. § 32–28–3–11. Thus, "[t]he [undertaking] statute specifically allows substitution of a surety in place of mechanic's liens." *John Wendt & Sons v. Edward C. Levy Co.,* 685 N.E.2d 183, 188 (Ind.Ct. App.1997), *reh'g denied, trans. denied.* A surety involves the pledging of property as security or collateral for the performance of some act.[1] BLACK'S LAW DICTIONARY 742, 1441 (6th ed.1990). A surety is "a formal engagement entered into, a pledge, bond, guarantee, or security given for the fulfillment of an undertaking." THE OXFORD ENGLISH DICTIONARY (2nd ed.1989), *available at http://www.oed.com* (last visited March 24, 2004). A surety is "something that makes sure or gives assurance, as against loss, damage, or default; security; guarantee." WEBSTER'S NEW WORLD DICTIONARY 1346 (3rd ed.1988). Consequently, if a property owner wants to release a lien filed on the property, the "property owner may choose to post a bond [or other form of surety] from which to pay any judgment later entered against him as a result of the foreclosure suit." *Haimbaugh Landscaping, Inc. v. Jegen,* 653 N.E.2d 95, 103

---

**1.** A surety can also be a *person* who is liable for the payment of a debt or performance of a duty of another person. BLACK'S LAW DICTIONARY 1441 (6th ed.1990).

(Ind.Ct.App.1995), *reh'g denied, trans. denied.*

The undertaking with surety is a substitution for the protection of the lien and a means of providing a guarantee that the property owner will pay any potential judgment should a contractor succeed in his foreclosure claim. The undertaking statute provides that the undertaking with surety must provide for payment of any judgment to include costs and attorney fees. I.C. § 32–28–3–11. Furthermore, the statute does not provide that an undertaking alone can be used to secure a property owner's payment of any judgment. *Id.* After reviewing the language of the undertaking statute, considering the legislative intent and policies behind its enactment, and balancing the consequences of our interpretation of the statute, we conclude that the statutory language that permits a property owner to file a "written undertaking with surety" means that the surety must cover any judgment, including the amount of the lien, costs, and attorney fees [2] and that such a surety must be in a form that will guarantee or secure the undertaking. Any other interpretation would result in the mechanic's lien holder receiving less protection if the owner elects to provide an undertaking with surety than if the mechanic's lien holder forecloses on the lien.

Here, Owners filed a written undertaking with surety that covered only the amount of the lien and stated that they would pay for any potential judgment. While depositing cash with the trial court's

clerk is an adequate form of surety,[3] it was not adequate here because it covered only part of the judgment that could potentially be recovered. Furthermore, Owners' mere statement that they would pay any judgment entered by the trial court was not adequate surety for the payment of the remainder of a potential judgment, including costs and attorney fees. Owners' words did not provide any kind of guarantee beyond their already existing legal obligation to pay a potential judgment entered in this case. Accordingly, we cannot say that Owners' undertaking complied with the statute. Thus, we conclude that the trial court abused its discretion by releasing the mechanic's lien from Owners' property and by denying Contractor's motion to correct error.

For the foregoing reasons, we reverse the trial court's order releasing the mechanic's lien on Owners' property and the trial court's denial of Contractor's motion to correct error.

Reversed.

VAIDIK, J. concurs.

MATHIAS, J. concurs in part and dissents in part with separate opinion.

MATHIAS, Judge, concurring in part and dissenting in part.

I fully concur with the Majority's determination that Indiana Code section 32–28–3–11 is only satisfied when the surety matches the projected undertaking. Op. at 10. However, I respectfully write sepa-

---

**2.** We recognize that costs and attorney fees are going to vary on a case-by-case basis; nevertheless, an estimate of these fees would need to be determined and covered by the surety.

**3.** The concurring/dissenting opinion disagrees that the act of depositing cash with the trial court clerk is an adequate form of surety. However, our reading of the statute and the

definition of surety as a guarantee or assurance of the undertaking leads us to conclude that, if approved by the trial court, cash deposited with the trial court clerk would comply with the undertaking statute as long as it is in an amount that covers the entire judgment, including the amount of the lien, costs, and attorney fees.

rately to disagree with the Majority's conclusion that depositing money with the clerk of the court constitutes a surety. Op. at 11.

## I. A Surety Must Match the Undertaking

Like the Majority, I believe an "undertaking with surety" is a unitary object of the verb "file" in Indiana Code section 32–28–3–11(b)'s costs and attorneys fees requirement. If a surety and an undertaking were two separate entities to be individually approved by the court, Indiana Code section 32–28–3–11 would have stated, "[an owner] may file in the action a written undertaking *and a surety* to be approved by the court."

In addition, construing undertaking and surety as two separate objects would not subject a surety to Indiana Code section 32–28–3–11(b). Pursuant to such an interpretation, the surety would not even need to cover the amount of the lien because the requirement that the surety cover *any* amount can only be found in Indiana Code section 32–28–3–11(b)'s phrase "any judgment." Because it is clear that Indiana Code section 32–28–3–11(b)'s "any judgment" requirement contemplates surety, that surety must also be subject to Indiana Code section 32–28–3–11(b)'s attorney's fees requirement.

## II. The Surety that is Required is a Third Party

However, just because the two distinct entities are one object in the statute's sentence structure does not mean that an owner may file a cash bond to satisfy both. Indiana Code section 32–28–3–11 requires both an undertaking *and* a surety.

A surety is a tripartite-contractual relationship between the party insured (the "obligee"), the principal (on whom the original obligation rests), and the party secondarily liable (the surety). *Meyer v. Bldg. & Realty Serv. Co.* 209 Ind. 125, 133, 196 N.E. 250, 253 (1935).[4] A surety undertakes to do that which the principal is bound to do in the event the principal fails to comply with an obligation. *Ind. Univ. v. Ind. Bonding & Sur. Co.*, 416 N.E.2d 1275, 1278 (Ind.Ct.App.1981) (citing *Hess v. J.R. Watkins Med. Co.*, 70 Ind.App. 416, 420, 123 N.E. 440, 441 (1919)). In Indiana, companies are authorized by statute to act as sureties, and—though there are important differences—a surety contract is similar to an insurance contract. Ind.Code § 27–1–5–1(Class 2)(k) (2003); *Garco Indus. Equip. Co. v. Mallory*, 485 N.E.2d 652, 654 n. 1 (Ind.Ct.App.1985), *trans. denied.*

A third-party surety contract is not satisfied by the owner's act of depositing cash with the clerk of the court. I agree with the Majority's reliance on *Haimbaugh Landscaping, Inc. v. Jegen's* statement that "a property owner may choose to post *bond* from which to pay any judgment later entered against him as a result of the foreclosure suit" as standing for the proposition that "any judgment" indicates a surety must include the cost of projected attorneys fees. 653 N.E.2d 95, 103 (Ind. Ct.App.1995) (emphasis added).

---

**4.** I note the Majority's reference to dictionaries for the definition of "surety." I believe it more appropriate to rely on our supreme court's definition of a technical term like "surety" when used in a legal context. Furthermore, if a dictionary definition of "surety" is to be used instead of the definition provided by our supreme court, I believe Black's Law Dictionary to be the more appropriate reference. *See* Black's Law Dictionary 1441 (6th ed.1990) (defining "surety" as "[o]ne who undertakes to pay money or to do any other act in the event that his principal fails therein"). Simply said, a surety cannot also be the principal in the suretyship relation.

However, I do not believe *Haimbaugh* indicates that posting a cash undertaking also constitutes a surety. *Haimbaugh* relied on the predecessor to the current Indiana Code section 32–28–3–11 when it stated an owner may post *bond. See Haimbaugh* 653 N.E.2d at 103. *Haimbaugh's* statement is merely a cursory reference to Indiana Code section 32–8–3–11's now defunct title of "Release on Bond." *See* Ind.Code § 32–8–3–11 (Burns 1980). Furthermore, the word "bond" is nowhere to be found in the current statute, and there is no indication in the current statute that surety should be construed to mean anything but a third-party surety contract. Ind.Code § 32–28–3–11 (2002). The fact that a "bond" can be anything from cash to real estate to third-party surety under Indiana statute and common law only adds to the confusion.

Importantly, the third-party-contractual nature of a surety protects the contractor from the possible bankruptcy of the property owner, which is always a very real risk in the construction industry. *See Longo v. Glime,* 1989 U.S. Dist. LEXIS 18087 (E.D.Mich.1989) (the liability of a surety is not discharged merely because its principal's liability has been discharged in bankruptcy) (citing *Gould Plumbing & Heating, Inc. v. Capitol Indem. Corp.,* 59 Mich. App. 696, 230 N.W.2d 19 (1975)); *see also Post v. Losey,* 111 Ind. 74, 79, 12 N.E. 121, 123 (1887). Such protection is not present when the owner merely deposits money with the clerk of the court. *See In re Prescott,* 805 F.2d 719, 723 (7th Cir.1986) (debtor transactions made *before* the filing of bankruptcy may be voided as a preference in a bankruptcy) (citing 11 U.S.C. § 547).

Because cash deposited with the clerk of the court is not beyond the long reach of a trustee in bankruptcy, I believe a cash deposit should not be allowed to take the place of the third-party surety contract clearly contemplated in the statute. I acknowledge that the relatively nominal amount involved in this case and the trial court's notation of the Owner's extensive possessions reduce such concerns in the case at bar. Tr. pp. 13–14. But unusual circumstances are not what good law is founded upon or what statutes generally contemplate. It is not difficult to imagine future suits involving substantially greater lien amounts or substantially less certain sources of payment.

Finally, it is imperative to recognize the purpose of "undertaking with surety." Only when adequate undertaking with surety is filed by or on behalf of the owner can the court release the statutory lien against the owner's real property and improvements. The lien is often the only real leverage a contractor has against an owner. The lien clouds title and inhibits financing of the improvements made by the contractor possessing the lien, and everyone else associated with the project. I believe a requirement for a third-party surety is the clear and understandable intention of the statute which allows that unusual and important leverage to be extinguished.

For all of the above reasons, I respectfully dissent from the Majority's conclusion that depositing cash with the clerk of the court constitutes a surety within the meaning of Indiana Code section 32–28–3–11.